OPINION
Appellant Kelvin D. Moore filed an application for re-opening his appeal pursuant to App.R. 26 (B), which was granted by this court. He assigns three errors which he claims his original appellate counsel should have raised:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I
 KELVIN MOORE WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHERE JUROR BIAS OR MISCONDUCT IS SHOWN.
ASSIGNMENT OF ERROR NO. II
 KELVIN MOORE WAS DENIED HIS RIGHT TO CONFRONT HIS ACCUSERS WHEN THE TRIAL COURT PROHIBITED THE DEFENSE FROM CROSS-EXAMINING TWO KEY STATE WITNESSES ON THE TERMS AND CONDITIONS OF THEIR PROBATION OR PAROLE.
ASSIGNMENT OF ERROR NO. III
 KELVIN MOORE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
On November 14, 1998, appellant was participating in a game of craps in the parking lot of Jonel's Bar. During the game, appellant exchanged a bet with Rickey McDowell. A dispute arose over a twenty dollar bet. They exchanged words. Appellant walked away from the argument, and headed over to the area where his friend's car was parked. A few minutes later, appellant returned to the game and shouted to McDowell, "You don't take my mother fucking twenty dollars!" Appellant then fired a .9mm gun four times at McDowell. McDowell was hit in the chest, shoulder, back, and hand. McDowell died within minutes.
Appellant was charged with one count of aggravated murder with a firearm specification. The case proceeded to jury trial in the Stark County Common Pleas Court, and appellant was convicted as charged. He was sentenced to life imprisonment with parole eligibility after twenty years, with a three year term of incarceration for the firearm specification. Appellant appealed the conviction and sentence to this court, and we affirmed. State v. Moore (March 6, 2000), Stark Appellate No. 1999CA00126, unreported. Appellant filed a motion to re-open the appeal challenging the effectiveness of appellate counsel which was granted by this court.
 I
Appellant argues that appellate counsel was ineffective for failing to raise on direct appeal the court's failure to hold a hearing on the issue of alleged juror misconduct. At the conclusion of the presentation of evidence at the trial, the jury was provided with a general charge, and recessed for the evening. The jury commenced deliberations the next day, and reached a verdict after approximately two hours of deliberations. Immediately prior to the return of the jury to the courtroom, appellant announced to the court that he had information from his mother, who had received such information from an anonymous telephone call, that one of the jurors knew the victim and his family. Appellant requested that the trial court ascertain whether such juror was on the panel, and if so, question the juror about the victim and his family. The court denied the request.
Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136, cert. denied,497 U.S. 1011. To show prejudice, the appellant must show that but for the deficient representation, the result of the proceeding would have been different.Id. Prejudice is sufficient to justify reversal only where the result of the trial was unreliable or the proceeding was rendered fundamentally unfair by the performance of counsel. State v.Carter (1995), 72 Ohio St.3d 545, 558.
While appellate counsel did not raise the issue of the court's failure to question the juror concerning misconduct, counsel did file a motion for new trial based on this issue. The court conducted an evidentiary hearing on the motion, and questioned the juror concerning her knowledge of the victim's family. The court overruled the motion, finding that after reviewing the evidence, including the demeanor of the witnesses, the court found no misconduct on the part of the juror. The court found the juror to be an extremely credible witness, and believed the juror's testimony that she did not know the victim or the victim's family, and nothing affected her ability to be fair and impartial. Appellant was granted a full evidentiary hearing on the issue of jury misconduct, the claim was found to be without merit, and he has not demonstrated that appellate counsel was ineffective for failing to raise the issue on direct appeal.
The first assignment of error is overruled.
 II
Appellant argues that appellate counsel was ineffective for failing to raise the issue of the trial court's limitation on his cross-examination of two State witnesses: Adam Evans and Antejuan Phillips. He argues that he was denied the right to confront the witnesses concerning violation of the terms and conditions of their parole and probation on the night of the shooting. Appellant raised this issue on direct appeal, and this court found that even if the court erred in failing to permit cross-examination, such error was harmless. Moore, supra, at 4. Thus, appellant's claim that appellate counsel was ineffective for failing to raise this claim is facially without merit.
Appellant also argues that counsel was ineffective for failing to raise a claim of prosecutorial misconduct. The alleged misconduct dealt with the prosecutor's comments during closing argument. Appellant argues that the prosecutor improperly vouched for the credibility of both Evans and Phillips.
During the opening portion of its closing argument, the State argued that there was no incentive for either of these two witnesses to tell the jury anything other than the truth, as they had no bias in the case. T. (III) 174-175. After counsel for appellant attacked the credibility of these two witnesses in his closing argument, the State responded in rebuttal:
 And you heard that testimony from Antejuan Phillips, Torin Wesley and Adam Evans. And Mr. Mackey may attack their credibility because they're — Torin and, excuse me, Antejuan and Adam are convicted felons, but you know, there's this concept in life called atonement, and there's this concept in criminal law and criminal justice called rehabilitation.
 And you have to decide for yourself whether those young men, those two young men have atoned for their pasts and have been rehabilitated. Are they productive members of society? Are they still running the streets unemployed terrorizing their neighborhoods with guns at 3:00 o'clock in the morning? Or do they have full-time jobs, are they productive members of society, have they turned their lives around?
 And are they willing to come in this courtroom and be ridiculed by a murderer simply because they're doing their civic duty? That's what this Defendant has done to them, put them up to even more ridicule. Well, you have to decide for yourself whether or not you believe them.
T. (III) 192-193.
In reviewing a claim of prosecutorial misconduct during closing argument, we must determine whether the remarks were improper, and if so, whether the remarks prejudicially affected substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, 165, cert. denied,498 U.S. 1017.
The challenged comments did not constitute improper statements which denied appellant a fair trial. The first comments simply argued to the jury that neither witness had an incentive or bias to tell anything but the truth. The prosecutor did not personally vouch for their credibility, but pointed to factors the jury could consider in assessing their credibility. The comments in rebuttal were in response to appellant's attack on the credibility of the witnesses. Again, the prosecutor did not personally vouch for their credibility, but pointed the jury to factors they should consider in assessing the credibility of the witnesses, and suggested that these factors weighed in favor of believing the testimony of these two men.
Counsel was not ineffective for failing to raise this assignment of error on direct appeal.
The second assignment of error is overruled.
 III
Appellant argues that appellate counsel was ineffective for failing to challenge trial counsel's ineffectiveness at trial. Appellant argues that trial counsel's failure to cross-examine one of the State's witnesses, Torin Wesley, with a prior written inconsistent statement constituted ineffective assistance of counsel. However, counsel did attempt to impeach Wesley with this statement, but the court precluded such impeachment on the basis that the statement had not been disclosed to the State through Crim.R. 16 discovery, and was not authenticated. On direct appeal, counsel challenged the court's ruling, and the assignment of error was overruled. Moore, supra, 8-10.
Appellant now argues that had counsel at trial argued that Evid.R. 613 (A) applied, there would have been no discovery violation on the part of trial counsel, and counsel could have then used the letter in impeachment.
Evid.R. 613 (A) provides that in examining a witness concerning a prior statement, whether written or not, the statement need not be shown nor its contents disclosed to the witness, but on request, the statement shall be shown or disclosed to opposing counsel. However, the admissibility of the statement pursuant to this rule does not obviate the requirements of the discovery rule, nor does the rule allow counsel to introduce a statement that has been properly authenticated. As this court upheld the court's exclusion of the statement on direct appeal, counsel was not ineffective for failing to raise ineffective assistance of trial counsel on direct appeal.
The third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur
 JUDGMENT ENTRY
CASE NO. 99CA00126.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed.